UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM R. BROOKS, | ) CASE NO. 5:11 CV 846 |
| Petitioner, | ) ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) ) |
| STATE OF OHIO, | ) MEMORANDUM OF OPINION ) AND ORDER |
| Respondent. | ) ) |

On April 28, 2011, petitioner *pro se* William R. Brooks filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. He seeks to challenge his 2004 convictions in the Summit County Court of Common Pleas, pursuant to a guilty plea, for forgery, tampering with records, and identity fraud, for which he received a two year sentence of community control. A 2009 direct appeal from his convictions was denied *sua sponte*, and a 2010 postconviction motion was also denied, on the ground of *res judicata*. Brooks is currently incarcerated in a federal correctional institution on unrelated convictions. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

As grounds for the petition, Brooks asserts: 1) the State of Ohio improperly invoked its *res judicata* rule; 2) he was denied effective assistance of counsel; and, 3) the trial court lacked

jurisdiction. However, without regard to the merits of these grounds, there is no indication on the face of the petition that he seeks to raise an issue over which this court has jurisdiction, as he does not set forth any facts suggesting he is "in custody" for purposes of seeking habeas relief.[1] As already noted, custody is a statutory prerequisite for obtaining such relief. *See also Maleng v. Cook*, 490 U.S. 488, 492 (1989)(petitioner may not challenge conviction from which he suffers no present restraint).

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date:   8/09/11           UNITED STATES DISTRICT JUDGE

---

[1] The September 30, 2010 Summit County Court of Common Pleas order denying Brooks postconviction relief specifically notes that the community control sanction was terminated on July 9, 2008. See, *State v. Brooks*, CR-2003-10-3344. A copy of the September 30 order is available at the following website: http://www.cpclerk.co.summit.oh.us/CaseDetails.asp?CaseID=C2003103344&Suffix=